

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2022

November 16, 2022

**VIA ECF & EMAIL**

Hon. Stewart D. Aaron
Magistrate Judge
United States District Court
for the Southern District of New York

      Re:    *Hobbs, et al. v. Knight-Swift Transportation Holdings, Inc., et al.*
            No. 21-CV-01421

Dear Judge Aaron,

      We represent Plaintiffs Tavares Hobbs, Ricardo Bell, and Robert Shaw, and the putative class ("Plaintiffs") in the above-referenced matter against Defendants Knight-Swift Transportation Holdings, Inc. and Swift Transportation Co. of Arizona, LLC (collectively, "Swift" or "Defendants"). In accordance with Section II(B) of Your Honor's Individual Practices, we submit this Letter-Motion for a discovery conference to resolve the parties' discovery dispute. Plaintiffs respectfully request the opportunity to appear at the discovery conference telephonically.

      The parties have a dispute arising from Defendants' refusal to produce electronic Department of Transportation (DOT) logs for putative class members who signed declarations in support of Defendants' recently filed motion to deny class certification. Plaintiffs seek the logs to test the accuracy of statements made by Defendants' witnesses. Defendants maintain the logs in the ordinary course of business and they are not unduly burdensome to produce.

      On November 7, 2022, the parties met and conferred via videoconference for approximately 20 minutes. The attorney participating for Plaintiffs was Nathan Piller. The attorney participating for Defendants was Brian Murphy. On November 12, Defendants confirmed via email that they would not produce any documents. On November 16, Plaintiffs informed Defendants that they would seek assistance from the Court.

      By way of background, this is a class action brought under New York law addressing the compensability of time spent by Knight-Swift's truck drivers in the cramped sleeper berths of the company trucks while on tours of duty.

      On October 7, 2022, Plaintiffs filed their motion for class certification and Defendants filed their motion to deny class certification. Opposition briefs are due on December 6, 2022.

      As discussed in Plaintiffs' opening briefing, the common question that will drive determination of liability in this case is whether Swift's uniform policy of not paying for any sleeper berth time passes muster under applicable New York law making such time compensable. New York has promulgated regulations that implement its wage statutes and carry the force of law. One such regulation governs truck drivers' hours of work and defines sleeper berth time as "on duty." N.Y. Comp. Codes R. & Regs. tit. 12, § 175.3(c) ("**Time spent by a driver in a sleeper berth** in [a motor truck] shall not be considered off duty but **shall be considered time on duty**.")



(emphasis added). New York's sleeper berth laws build upon the floor of legal protections set by foundational federal labor standards dating back to the 1950s, which also make sleeper berth time compensable. *See* Ps' MPA iso Mtn. for Class Certification ("Ps' Mtn.") (ECF 71-1) at pp. 4-7.

In *Julian v. Swift Transp. Co.*, 360 F. Supp. 3d 932 (D. Ariz. 2018), for example, the Court held that time spent in the Defendants' sleeper berths while on tours of duty, is compensable under the federal Fair Labor Standards Act (FLSA) and Department of Labor (DOL) Regulations, if it occurs outside a bona fide sleeping period. *Id.* at 947, n.12, 952. *Julian* involved the same defendant here, but just claims under federal law. Nonetheless, it is one of a number of recent decisions holding on a class basis that blanket policies against paying for sleeper berth time are suitable for class treatment and/or unlawful under various labor laws. Ps' Mtn. at pp. 2-3.

The Plaintiffs in this case maintain that time logged as sleeper berth during tours of duty is compensable under New York labor law and that Defendant Swift's blanket policy against paying it presents a common legal dispute well-suited for class treatment.

In support of its recently filed motion to deny class certification, however, Swift argues that the class should not be certified because some dedicated drivers[1] purportedly often go home to sleep, rather than having to remain out on the road and attempt to rest in the sleeper berth. In making this argument, Defendants rely on affidavits from some dedicated drivers asserting that they return home routinely and terminal managers making similar assertions about drivers at their facilities. While Plaintiffs maintain that the class can be certified for the benefit of the drivers who log sleeper berth time on their DOT logs, even assuming some other drivers do not, Plaintiffs also dispute how often, if at all, Defendants' witnesses are in fact able to spend their rest time at home rather than in the sleeper berth.

Helpfully, the answer to this dispute as to the scope of home time versus sleeper berth time for Swift's declarants can be determined readily by reference to Swift's own DOT logs. As explained in Plaintiffs' motion, the DOT logs, which Swift has a legal duty to maintain, show for each driver when and how often they log sleeper berth time. Ps' Mtn. at pp. 17-19. Suffice it to say, a Driver who goes home to sleep will not log sleeper berth time. If Swift's declarations are accurate, it should welcome the opportunity to corroborate its arguments by producing the DOT logs. Nevertheless, Defendants refuse to produce any logs for their 19 dedicated driver declarants.

Defendants do not object based on relevance. Nor could they. The DOT logs are basic discovery necessary to verify important assertions raised in Defendants' briefing against class certification and to impeach Defendants' declarant witnesses.

Nor would producing the logs be unduly burdensome. The DOT logs are maintained electronically and have already been produced for the three named Plaintiffs. Of note, Defendants produced electronic DOT logs for thousands of drivers in an analogous case, which formed the basis for an order awarding class-wide damages at summary judgment. *Julian v. Swift Transp. Co.*, 2019 U.S. Dist. LEXIS 221423, at *3-11, *14-18 (D. Ariz. Dec. 27, 2019).

---

[1] The proposed Class encompasses both dedicated drivers and linehaul drivers. dedicated drivers generally haul loads for a single customer of Knight-Swift's, whereas linehaul drivers may handle loads for various customers.

Case 1:21-cv-01421-JLR-SDA   Document 78   Filed 11/22/22   Page 3 of 3



      Defendants' only objection asserted to date is that Plaintiffs' requests are untimely under the Court's order setting a cutoff for pre-certification discovery of August 8, 2022. Yet, Defendants put the DOT logs at issue <u>after</u> the discovery cutoff by filing statements from previously undisclosed witnesses on October 7 that can be verified only by these DOT logs. This includes 27 declarations of putative class members, including 19 Dedicated Drivers, and 3 declarations from terminal managers. Only 12 of the 27 driver declarants were disclosed prior to the discovery cutoff, and that limited disclosure occurred just one day before Plaintiffs would have had to serve discovery to have the response date occur by the cut-off.

      Discovery can be reopened for good cause, depending on the diligence of the moving party. *Krawec v. Kiewit Constructors Inc.*, 2013 U.S. Dist. LEXIS 37132, at *23 (S.D.N.Y. Feb. 28, 2013). Here, Plaintiffs acted with diligence. They served document requests for the DOT logs on Monday, October 10, the next business day after Defendants filed their motion to deny class certification. On November 4, Defendants sent Plaintiffs correspondence stating that they would not produce DOT logs. Plaintiffs initiated a meet-and-confer on November 7. On November 12, Defendants confirmed their position, soon after which Plaintiffs prepared and filed this letter-brief.

      Moreover, trial is not imminent; there is minimal prejudice to Defendant in producing a modest amount of relevant information; and Plaintiffs could not have foreseen the need for discovery put at issue by declarations filed after the discovery cutoff. *See id*. Thus, there is good cause to extend the precertification discovery cutoff for the limited purpose of producing electronic driver logs for 19 putative class members.

      Plaintiffs seek an order compelling Defendants to produce electronic DOT logs for its dedicated driver declarants covering the period of time the declarants have worked for Defendants during the proposed liability period here. Plaintiffs need this information sufficiently in advance of any dedicated driver declarant depositions and, for dedicated drivers who are not being deposed, sufficiently in advance of Plaintiffs' December 6 deadline to file their opposition to Defendants' motion. To ensure sufficient time, Plaintiffs request that Defendants make the production by November 30, 2022; or produce the DOT logs for a dedicated driver declarant at least 48 hours before their deposition, whichever is earlier.

      Again, Plaintiffs are at a loss as to why Swift would not simply agree to produce the DOT logs pertaining to its own declarants. There is no undue burden and there should be nothing to hide so long as the assertions made by Defendants' declarants are accurate.

      For all the reasons discussed herein, Plaintiffs' Letter-Motion should be granted.

Respectfully submitted,

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

/s/ *Nathan Piller*

Nathan Piller
Attorney at Law

---

Plaintiffs' Letter Motion is GRANTED. The Court finds, in its discretion, that good cause exists to extend the interim deadline for class-related discovery since the declarations had not been served upon Plaintiffs prior to expiration of the deadline. The discovery sought plainly is relevant to the claims and defenses in this case and Defendants are not prejudiced by permitting such discovery. Defendants shall produce the requested data no later than December 6, 2022. The Court correspondingly extends the class certification briefing schedule such that opposition briefs are due no later than December 13, 2022 and reply briefs are due no later than January 20, 2023. SO ORDERED.
Dated: November 22, 2022

3