**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

April 12, 2023

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Hobbs v. Knight-Swift Transportation Holdings, Inc., et ano.*
       No. 21-CV-01421

Dear Judge Rochon:

We represent Defendants Knight-Swift Transportation Holdings, Inc. and Swift Transportation Co. of Arizona, LLC (together, "Swift") in the above-referenced matter. We write to provide the Court with notice of the April 5, 2023 decision of the United States District Court for the Central District of California's decision in *Bouissey v. Swift Transportation Co., Inc.*, et al, Docket No. 19-CV-3203-VAP-KK.[1]  As set forth below, the *Bouissey* decision is relevant to the Parties' competing and pending objections to the February 9, 2023 Report and Recommendation of the Hon. Stewart D. Aaron ("R&R"), which denied Plaintiffs' Motion for Class Certification, (ECF No. 93), and supports modification of the R&R to deny Plaintiffs' Motion with prejudice.

**The *Bouissey* Case**

The plaintiffs in *Bouissey* were California truck drivers. The plaintiffs alleged that Swift failed to pay them for time recorded as "off duty" or "sleeper berth" in circumstances where they were allegedly subject to Swift's control by virtue of uniform operational policies. Ex A at 2. They asserted claims for failure to pay for all hours worked, failure to pay minimum wages, and failure to keep accurate payroll records, among others. *See id.*  The *Bouissey* plaintiffs are represented by the same counsel representing Plaintiffs here.

On September 27, 2022, the *Bouissey* Court issued an order certifying a class action. (Docket 19-CV-3203-VAP-KK at No. 93).  The Court held that Swift's off-duty and sleeper-berth policies were insufficient to support class certification because they did not give rise to a "common question capable of providing class-wide relief" and failed to satisfy Rule 23(b)(3) predominance. (*Id.* at 10-11, 18). However, the Court held that Swift's policies concerning the transportation of High Value Loads ("HVLs") and restrictions on drivers when traveling through High Theft Areas ("HTAs"), and policies that prohibited drivers from "detaching a loaded trailer from their truck; using their truck to travel off route or away from a worksite for leisure; having unauthorized passengers, pets, or alcohol in their truck, or drinking alcohol within the 12 hours

---

[1]   A copy of the decision is attached hereto as Exhibit A.

prior to being in the truck [and] seeking reimbursement for lodging," did meet the requirements of Rule 23(a)(2) and (b)(3).  (*Id.* at 11-14, 19-21).

**The *Bouissey* Summary Judgment Decision**

Swift filed a Motion for Summary Judgment on January 30, 2023.  (Docket 19-CV-3203-VAP-KK at No. 106-1).  Swift primarily argued that, as a matter of law, the policies relied on by the plaintiffs in support of class certification did not result in Swift's control over drivers to such an extent that time spent "off duty" or in "sleeper berth" constituted compensable hours worked.  Swift further argued that 29 C.F.R. § 785.22, pertaining to the compensability of time where an employee "is required to be on duty for 24 hours or more," did not render time spent "off duty" or in "sleeper berth" compensable as a matter of law.

The *Bouissey* Court largely agreed.  The Court held that Swift's policies concerning the use of trucks for personal conveyance, restrictions on passengers and pets in trucks, and restrictions on alcohol use by drivers, did not give rise to sufficient control as a matter of law.  (*Id.* at 16-21).[2]  As to the impact of Section 785.22, the Court held:

> [I]t does not say what Plaintiffs claim.  Section 785.22 allows the exclusion of up to 8 hours from 'hours worked.'  It does not require compensation for time that does not meet the definition of 'hours worked.'  The Court therefore finds Plaintiffs' invocation of Section 785.22 perplexing, since any application of that section would be detrimental to Plaintiffs' case.

(*Id.* at 22).  The Court further characterized the plaintiffs' reliance on *Julian v. Swift Transportation Co. Inc.*, 360 F. Supp. 3d 932, 947 (D. Ariz. 2018) as "misplaced."  The Court noted that, unlike in *Julian* where the driver-trainees were required to be on-duty for 24 hours, the *Bouissey* plaintiffs "failed to show that class members were subject to their employer's control 24 hours per day for every day that they were on a tour of duty." (*Id.* at 23).  Finally, the Court rejected the plaintiffs' request to delay ruling on Swift's Motion so that they could conduct additional discovery.  On this point, the Court held:

> Although the discovery cut-off date has not yet passed, this action has been pending for over four years and Plaintiffs have had ample time to procure the evidence they need to support their claims…The Court therefore declines Plaintiffs' request to defer consideration of the Motion.

(*Id.* at 25-26).

---

[2]   The Court did, however, deny Swift's Motion to the extent it sought a determination that Swift's HVL and HTA policies did not result in control as a matter of law.  (*Id.* at 14-15).  The Court found that there was evidence to find that, "at times," these policies sufficiently restricted California drivers preventing Swift from "disclaim[ing] liability altogether." (*Id.* at 15).  As set forth below, the HVL and HTA policies are not implicated in the instant matter.

**Relevance of the *Bouissey* Summary Judgment Decision to the Instant Matter**

Plaintiffs have relied on *Bouissey* (and *Julian*) in every substantive submission to the Court, most recently characterizing it as "highly analogous…[and] addressing the very policies from Swift at issue here." (ECF No. 97 at 5; No. 99 at 13). The *Bouissey* decision undermines Plaintiffs' objection to the R&R, and supports Swift's, in the following ways.

First, *Bouissey* supports modification of the R&R to deny Plaintiffs' Motion for Class Certification with prejudice because any such renewed effort would be futile. As Plaintiffs reiterate in their objections, they "point to a set of uniform, operational policies imposed by Swift that place restrictions and limitations on the drivers' freedom of movement and activity during their tours of duty, even while logged in the 'sleeper berth' or 'off duty' designations" to support certification. (ECF No. 97 at 4). *Bouissey* found these "very same" policies to be incapable of giving rise to sufficient control over drivers to transform time spent "off duty" or in "sleeper berth" into hours worked. Thus, while these "very same" policies may be uniform here as they were in *Bouissey*, they do nothing to supply a common answer as to whether the time spent by Drivers here is compensable. *See Avila v. Ardian Corp.*, No. 28-CV-4795, 2022 WL 3370024, at *3 (E.D.N.Y. Aug. 16, 2022).[3] In fact, *Bouissey* held that they are incapable of doing so as a matter of law.

Second, *Bouissey* demonstrates that Plaintiffs' alternative basis for certification would be equally futile. Plaintiffs again reiterate that they intend to rely on Section 785.22 as a "foundational federal standard[] that set[s] the floor of protections for the state law claims brought here." (*Id.* at 5). However, the interpretation Counsel to Plaintiffs here attributed to Section 785.22, in the words of the *Bouissey* Court, "does not say what Plaintiffs claim." Instead, the *Bouissey* Court agreed with Swift's interpretation, which is the same that Swift advanced in opposition to Plaintiffs' Motion here. (ECF No. 82 at 15-16). Thus, the basis upon which Plaintiffs premise their requested renewed motion is legally infirm.[4]

Third, Swift argued in its objection that Counsel to Plaintiffs should be deemed inadequate given their reliance on 12 NYCRR § 175.3, which the R&R found to be entirely inapplicable. (ECF No. 96 at 7-9). Plaintiffs faulted Swift for making this argument on the grounds that Swift purportedly knows "counsel's knowledge and competence in this precise area of class action wage and hour law," citing in support, their representation of the plaintiffs in *Bouissey* and *Julian*. (ECF No. 99 at 2). However, Plaintiffs legal theories in *Bouissey* – the

---

[3] Plaintiffs will presumably point to the *Bouissey* Court's denial of summary judgment in relation to Swift's HVL and HTA policies. However, here, the record demonstrates that most Dedicated Drivers (a category of Driver not at issue in *Bouissey*) never carried HVLs, and among OTR Drivers, many have also never carried HVLs, rendering the policy irrelevant for most New York Drivers. (ECF No. 82 at 9). Plaintiffs did not advance any arguments concerning Swift's HTA policy in their unsuccessful Motion because it is undisputed that there are no HTAs near New York or implicating New York Drivers. (ECF No. 82 at n.8).

[4] Plaintiffs also contend that, if permitted to renew their Motion, they "can present a revised class definition to conform with their theory based on 29 C.F.R. § 785.22." (ECF No. 97 at 21). However, as set forth above, *Bouissey* correctly held that Plaintiffs' "theory based on 29 C.F.R. § 785.22" is wrong.

**SheppardMullin**

April 12, 2023
Page 4

same as those presented here – were largely rejected by the *Bouissey* Court, Counsel to Plaintiffs were admonished for their incorrect interpretation of Section 785.22, and their reliance on *Julian* was characterized as "misplaced." Thus, Swift respectfully submits that its challenge to Counsel to Plaintiffs' adequacy under Rule 23(a)(4), (ECF No. 96 at 7), applies with more force given the *Bouissey* decision.

Finally, Plaintiffs have requested the opportunity to conduct further discovery to attempt to satisfy their Rule 23 burden. (ECF No. 97 at 18—19). Swift, for its part, objected to Plaintiffs' request. (ECF No. 96 at 9-10). So too, in *Bouissey*, the plaintiffs requested further discovery to allow them to oppose summary judgment. The *Bouissey* Court rejected their request on the grounds that they already had "ample time" to conduct the necessary discovery notwithstanding that the discovery deadline had not yet passed. Here, as Swift detailed at length in its objection, Plaintiffs have also had sufficient time to conduct class discovery, but squandered their time. (ECF No. 96 at 4-5). Moreover, here, even more determinatively, the deadline for discovery relevant to the subject motion has long since passed. Accordingly, Plaintiffs should not be permitted to conduct further discovery to support a futile second attempt at class certification.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Brian D. Murphy

Brian D. Murphy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4889-0500-1565.1

cc:   All Counsel of Record