UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
TAVARES HOBBS, RICARDO BELL, and :
ROBERT SHAW, on behalf of themselves and all :
others similarly situated, :
 :
                               Plaintiffs, : Civil No. 21-CIV-1421(JLR) (SA)
 :
                         - against - :
 :
KNIGHT-SWIFT TRANSPORTATION :
HOLDINGS, INC. and SWIFT :
TRANSPORTATION CO. OF ARIZONA, LLC, :
 :
                             Defendants. :
------------------------------------------------------------ x

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
RULE 72 OBJECTIONS TO THE SEPTEMBER 6 REPORT AND RECOMMENDATION**

Of Counsel:   Brian D. Murphy

Plaintiffs primarily contend that the September 6, 2024 Report and Recommendation ("R&R") should be reviewed under a "clear error," rather than "*de novo*," standard. *De novo* review is appropriate where proper objections have been made. FED. R. CIV. P. 72(b)(3). "Objections…must be specific and clearly aimed at particular findings…" *Molefev. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Clear error review is appropriate where no timely objections are made, when a party makes general objections, or when a party reiterates original arguments. *See Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

Plaintiffs' attempt to shield the R&R from scrutiny by mischaracterizing each of Swift's pointed objections as a reiteration of prior arguments is meritless. First, Plaintiffs contend Swift objects to the R&R on the grounds that it relied on common policies alone to find Rule 23 satisfied, as it previously argued. (ECF 151 at 3-4). To the contrary, Swift objects that the R&R: (i) contained no analysis of the policies themselves or how they answer the "hours worked" inquiry, (EFC 150 at 10-12); (ii) overlooked authority holding that common policies alone are insufficient to establish commonality, (*Id.* at 10); (iii) did not consider that the policies relied upon have already been found incapable of answering the "hours worked" inquiry as a matter of law, (*Id.* at 12-13); (iv) did not balance the policies against individualized evidence, (*Id.* at 11, 16-17); (v) failed to consider that many policies could not apply to many class members; (*Id.* at FN3); and (vi) did not consider caselaw addressing the inability of common policies to support certification in analogous circumstances, (*Id.* at 14-15).

Second, Plaintiffs contend Swift objects to the R&R to the extent it found commonality satisfied by virtue of 29 C.F.R. §785.22, as it previously argued. (ECF 151 at 4). To the contrary, Swift objects that the R&R: (i) failed to address *Bouissey's* rejection of Plaintiffs' § 785.22 commonality argument in this regard, (ECF 150 at 14); and (ii) incorrectly refused to consider Swift's argument on the grounds that it was a "merits" determination, (*Id.* at 18).

Third, Plaintiffs contend Swift objects to the R&R for its failure to consider *Dueker v. CSRT Expedited, Inc.*, 2020 WL 7222095 (C.D. Cal. Dec. 7, 2020) and *Pavloff v. Cardinal Logistics Mgmt. Corp.*, 2020 WL 6821072 (C.D. Cal. Oct. 7, 2020).  Swift did not simply contend that the R&R was at odds with these decisions; Swift more specifically faulted the R&R for failure to address them and their impact on Plaintiffs' Motion at all – a notable failure given the analogous facts and arguments in each case.  (ECF 150 at 15).

Fourth, Plaintiffs contend Swift objects to the R&R's predominance determination for failure to take account of individualized issues impacting the reliance on common policies as the basis for certification, application of §785.22, and choice of law matters.  (ECF 151 at 4-5).  To the contrary, Swift argued the R&R: (i) did not fulfill its pledge to address the "application of Swift's policies" in its analysis of predominance (or anywhere in the R&R, for that matter), (ECF 150 at 15); (ii) improperly (and expressly) deferred consideration of the impact of individualized evidence to some later date, (*Id.* at 16); (iii) incorrectly characterized Swift's §785.22 arguments as "merits" determinations, (*Id.* at 17); (iv) improperly absolved Plaintiffs from meeting their choice-of-law burden, (*Id.* at 20); and (v) applied the incorrect choice-of-law test, (*Id.*).[1]

Fifth, Plaintiffs contend Swift objects to the R&R's superiority determination based upon Plaintiffs' failure to demonstrate manageability.  (ECF 151 at 5).  To the contrary, Swift objected to the R&R: (i) based upon its assumption that the NYLL applied to all claims despite earlier casting it as a "merits" determination that could not be made, (ECF 150 at 21); and (ii) for concluding that manageability was met despite the absence of any evidence or argument supporting as much, (*Id.* at 21-22).

---

[1] Plaintiffs' citation to various pages of the R&R where the Court determined that Plaintiffs' legal theories were "susceptible to common proof," (ECF 151 at 5), does not absolve the R&R from its failure to conduct the requisite "rigorous" Rule 23 analysis.

Sixth, Plaintiffs contend Swift objects to the R&R's typicality determination for Class C insofar as Swift argued there was no adequate representative. (ECF 151 at 5). Swift did make this argument previously and advances it again in its objection to the R&R, but the fault attributed by Swift is that the R&R overlooked the conflicting evidence on this point that prevented it from being established by a "preponderance of the evidence." (ECF 150 at 22).

Finally, Plaintiffs contend Swift objects to the R&R's determination that ascertainability was established notwithstanding limitations in the evidentiary record. (ECF 151 at 5). To the contrary, Swift's challenge is that the R&R: (i) improperly assumed the existence of evidence capable of informing this determination notwithstanding that it does not exist in the record before the Court, (ECF 150 at 22); and (ii) failed to address the impossibility of excluding certain Drivers from a class based upon a failure to record time as "Sleeper Berth," when that time would be recorded as "Off-Duty," triggering inclusion in the class, (*Id.* at 23).

These are pointed and specific objections to the R&R. That Swift expanded upon how the R&R's failure to address these matters precludes certification does not transform them into reiterations of prior arguments. Accordingly, *de novo* review of the R&R is appropriate, and upon such review, Plaintiffs' Motion should be denied.

Notwithstanding the foregoing, Defendants alternatively submit that the R&R should be overruled under the clear error standard too, for the reasons set forth above as well as the fact that the R&R: (i) failed to analyze whether Rule 23 criteria were met for each class/subclass, (ECF 150 at 6-8); (ii) applied the incorrect overtime and spread-of-hours standards, (*Id*. at 8); (iii) reversed the choice-of-law burden demonstration to Swift, (*Id.* at 19-20); (iv) approved of a legal framework permitting application of the NYLL to portions of not just a workweek, but to portions of a workday, (*Id.* at FN9); and (v) found superiority satisfied notwithstanding that the bulk of Classes B and C are comprised of Drivers located outside of New York, (*Id.* at 21).

## **CONCLUSION**

For each of the foregoing reasons, the Court should sustain Swift's Objections to the R&R and deny Plaintiffs' Motion for Class Certification.

Dated: New York, New York
October 18, 2024

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/ Brian D. Murphy
Brian D. Murphy

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
bmurphy@sheppardmullin.com

*Attorneys for Defendants*