OUTTEN & GOLDEN LLP

Christopher M. McNerney
Daniel S. Stromberg
Jarron McAllister
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
Fax: (646) 509-2060
cmcnerney@outtengolden.com
dstromberg@outtengolden.com
jmcallister@outtengolden.com

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Joshua G. Konecky, admitted *pro hac vice*
on May 5, 2021 (Cal. SBN 182897)
Nathan B. Piller, admitted *pro hac vice*
on May 5, 2021 (Cal. SBN 300569)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
jkonecky@schnedierwallace.com
npiller@schneiderwallace.com

*Attorneys for Plaintiffs and the proposed Classes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAVARES HOBBS, RICARDO BELL, and ROBERT SHAW, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC.<br><br>  Defendants. | Case No. 21 Civ. 1421 (JLR) (SDA)<br><br>**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO SEPTEMBER 6 REPORT AND RECOMMENDATION** |

Magistrate Judge Aaron's September 6, 2024 Report and Recommendation ("R&R") to grant Plaintiffs' Renewed Motion for Class Certification demonstrates a carefully reasoned analysis. Following a 3-plus hour hearing, memorialized in a 115-page transcript, the Magistrate Judge issued the 34-page R&R. The R&R recommends that Plaintiffs' motion be granted because, *inter alia*, the determination of Swift's liability is susceptible to common proof, including Swift's uniform policies. As discussed in Plaintiffs' Response to Swift's Objections ("Ps' Resp."), the R&R is in line with an established body of case law addressing class and collective action certification of highly analogous unpaid wage claims, based on similar common policies. ECF No. 151 at 9-10 (collecting cases).

Following Plaintiffs' Response, Swift sought leave to file a reply concerning only the standard of review. *See* ECF Nos. 152, 155.[1] However, Swift's objections provide no persuasive basis to depart from the well-reasoned R&R, whether analyzed under a de novo or "clear error" standard. *See* Ps' Resp. at 2, 6-25. Thus, the standard of review does not dictate the outcome here.

Nonetheless, the appropriate standard of review is "clear error," for all the reasons discussed below and in Plaintiffs' Response to Swift's Objections. *See id.* at 3-6.

As Swift points out, "[c]lear error review is appropriate… when a party reiterates original arguments." ECF No. 155 at 1 (citation omitted). Here, Swift's objections merely repackage its original arguments as criticisms of the Magistrate Judge for not accepting these same prior arguments or engaging with them to Swift's satisfaction. This does not transform an old argument into a new objection. *See, e.g.*, *George v. Shamrock Saloon II LLC*, 2020 U.S. Dist. LEXIS 5646, at *10 (S.D.N.Y. Jan. 13, 2020) (objection that magistrate made incorrect assumption merely reiterated original argument contrary to the magistrate's reasoning).

---

[1] Nevertheless, Swift's Reply arguably goes beyond the scope of the Court's order by restating its substantive arguments against the R&R. *Cf.* ECF No. 154 (limiting response to "the topic of the standard of review").

For instance, Swift objects that the R&R incorrectly found commonality based on "common policies alone." *See* ECF No. 150, Defendants' Objections to R&R ("Ds' Obj.") at 10-13. This is the same unsuccessful argument that Swift made in opposition to Plaintiff's motion. *See, e.g.*, ECF No. 133, Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification ("Ds' Opp.") at 12. Swift criticized the R&R for purportedly not addressing how the uniform policies at issue will "bridge the gap" between the existence of the policies and how they cause the unpaid time to constitute "hours worked" (Ds' Obj. at 10-12), but this is just a rehashing of Swift's charge in opposition to class certification that Plaintiffs also did not "bridge th[is] gap." *Cf*. Ds' Opp. at 12; *see also* Ds' Obj. at 10-11 ("The R&R repeats this analytical gap").

Moreover, Swift's very similar argument against predominance from its Opposition briefing—that purportedly individualized driver testimony will overwhelm common issues raised by its admittedly uniform policies—is restated in its Objections. *Compare* Ds' Opp. at 2, 19-20 with Ds' Obj. at 16-17. Instead of making pointed objections, Swift protests that the Magistrate Judge should have accepted its prior arguments based on testimony it submitted from current employees. Ds' Obj. at 17.

In this connection, Swift's portrayal of the Magistrate Judge's analysis is incorrect, as the R&R provides a detailed discussion of the common policies, their uniformity across the Classes, and how they affect Class Members, with citations to Swift's policies and deposition testimony in the record (R&R at 3-4, 16, 21), as informed by extensive questioning and argument at the hearing. Tr. at 29:1-39-18, 51:7-58:11, 62:17-68:22, 70:14-73:10, 87:9-89:24. Swift's complaint that the Magistrate Judge did not agree with its argument does not make the objection novel.

As another example, while Swift criticizes the R&R for purportedly "overlook[ing] authority" and "caselaw" that it cited in its opposition (ECF No. 155 at 1), the caselaw Swift cites

and the arguments Swift makes based on the caselaw, are the same in both Swift's Opposition briefing and in its Objections. *Compare* Ds' Obj. at 10, 14-15, *with* Ds' Opp. at 12, 19, 21. As discussed in Plaintiffs' Response, Swift's cases are outliers among an established body of caselaw consistently certifying analogous claims. ECF No. 151 at 9-10, n.3. Swift's criticism of the R&R for not adopting the reasoning of this non-binding caselaw, for the same justifications already set forth in its Opposition, does not convert its old argument into a new, pointed objection.

As still another example, Swift's Objections repeat the argument from its Opposition briefing against typicality, that Plaintiff Hobbs is purportedly not a member of Class C. Ds' Obj. at 22; Ds' Opp. at 18-19. Swift concedes that it "did make this argument previously," but maintains that the Magistrate Judge should have given greater attention to so-called "conflicting evidence" on the point. ECF No. 155 at 3. Yet, the Court did consider the parties' respective arguments and evidence, ultimately concluding that Plaintiff Hobbs satisfies typicality as to Class C, based on uncontroverted testimony. R&R at 21; Tr. at 104:25-105:8, 112:14-113:20. Swift's objection boils down to the contention that the Magistrate Judge should have been persuaded by Defendants' evidence, which is no different than its original argument against Plaintiffs' motion.

Likewise, Swift attempts to recast its ascertainability argument based on purported limitations in Swift's records, as an objection to the Magistrate Judge's decision to credit Plaintiffs' evidence that Swift's records do not have such limitations. But Swift already made this argument concerning Plaintiffs' evidence in its opposition briefing. *See* ECF No. 146 (D's Sur-reply) at 5.

As the above examples show, the substance of Swift's arguments remains the same, despite its attempts to reframe them as criticisms of the Magistrate Judge's thoroughness. In any event, a written ruling need not deeply analyze every single point raised by a party in its briefing. *See* Ps' Resp. at 6 (collecting cases). The Court should adopt the well-reasoned R&R in full.

DATED: October 25, 2024                    **SCHNEIDER WALLACE**
                                           **COTTRELL KONECKY LLP**

                                           By: <u>*/s/ Nathan B. Piller*</u>
                                                   Nathan B. Piller, *Admitted Pro Hac Vice*
                                                   Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for United States District Court, Southern District of New York, by using the Court's CM/ECF system on October 25, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

By: */s/ Nathan B. Piller*
Nathan B. Piller, *Admitted Pro Hac Vice*
Attorneys for Plaintiffs
