**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

September 16, 2025

**VIA ECF**

Hon. Stewart D. Aaron
United States District Court
for the Southern District of New York
500  Pearl Street
New York, NY 10007-1312

Re:   *Hobbs v. Knight-Swift Transportation Holdings, Inc., et ano.*
        No. 21-CV-01421

Dear Judge Aaron:

As the Court is aware, we represent Defendants Knight-Swift Transportation Holdings, Inc. and Swift Transportation Co. of Arizona, LLC (together, "Swift") in this matter.  Pursuant to the Court's Order dated September 10, 2025, we write to provide the Court with an update concerning: (i) Swift's efforts to identify class and subclass members; and (ii) the feasibility of utilizing artificial intelligence ("AI") in support thereof.

**CLASS A, B & THEIR SUBCLASSES**

As reported during the September 10, 2025 conference, Swift has already produced data that identifies all members of Class A, and over-inclusively identifies members of Subclasses 1 and 2 of Class A, Class B, and Subclasses 1 and 2 of Class B.  The data identifies approximately 4400 Drivers that could be members of one or more of the foregoing classes.

**Class B & Subclass 1 (A & B):**  Swift believes it can produce Department of Transportation Log data, which should allow Plaintiffs to identify when a Driver changed to Sleeper Berth or Off-Duty Status in New York State, which is necessary for determination as to membership in Class B, and assists in determination as to membership in Subclass 1 of Class A and Class B.  Swift believes, and Plaintiffs have represented, that Driver Log data in either .exel or .csv format will suffice.[1]  Swift believes it can produce this data by September 30, 2025.

Swift does not believe it can produce data that would readily identify circumstances in which a Driver was dispatched on an assignment away from their home base for 24 hours or more.  This criteria is necessary to determine membership in Subclass 1 of Class A and Subclass 2 of Class A.  Some assumptions can be made from Driver Logs in instances where the Driver Logs illustrate a Driver beginning a day in one location, traveling through to other

---

[1]   Production of the Driver Log data in .csv format will reduce, if not eliminate, the need for use of artificial intelligence insofar as the data is sortable and Plaintiffs represented during a meet and confer that this would suffice for their purposes.

**SheppardMullin**

September 16, 2025
Page 2

states, and logging a Sleeper Berth or Off Duty Status in another state 24 or more hours after their initial dispatch. However, Swift believes this would be an incomplete and unreliable effort.

In light of this uncertainty and the associated burden, Swift respectfully submits that this determination is not presently necessary insofar as all potential members of Subclass 1 of both Class A and B would necessarily receive notice as members of Class A or B. Swift has "met and conferred" with Counsel to Plaintiffs on this issue, and they agree that the present delay in identifying the precise members of Subclass 1 will not result in any such members not receiving notice given their necessary status as members of Class A and B.

**Subclass 2 (A & B):** Swift believes it can produce Load Data, which should allow Plaintiffs to identify when a Driver in Class A or Class B was driving a truck with a "High Value Load" ("HVL"). This is necessary for determination as to membership in Subclass 2 of Class A and Subclass 2 of Class B. Swift believes it can produce this data by mid-October 2025.

### CLASS C AND ITS SUBCLASSES

Swift has conducted further investigation concerning an efficient manner to identify members of Class C. The starting point is the nationwide Driver population (excluding New York) from February 2015 to the present, which Swift estimates to be approximately 250,000 unique Drivers. However, Swift believes it can conduct a search in the Driver Logs that would provide results limited to just those Drivers who logged a Sleeper Berth or Off Duty status change in New York during that time period, which should dramatically narrow this group. For this narrowed group, Swift can also produce Load Data, which would contain HVL information and identify members of Subclass 2 of Class C.

However, the "24 hours or more" criteria for membership in Subclass 1 would present the same challenges identified for Subclasses 1 of Classes A and B. As proposed for these Subclasses above, Swift would likewise propose that class notice be distributed to Class C Drivers who logged Off Duty or Sleeper Berth status in New York, which would embrace (over-inclusively) members of Subclass 1 of Class C.

### Utility of Artificial Intelligence

Swift, through Counsel, has undertaken to understand how AI may be deployed in support of these efforts. Swift has concluded that AI cannot serve any purpose in initial data collection. The initial identification of Drivers is possible only through generation of a location-based or status-based report of Drivers generated by Swift in response to a data query on its information systems.

Swift does not believe AI is necessary for purposes of analyzing .pdf format Driver Logs to determine Driver location when they changed duty status. As set forth above, Swift can request reports in .exel or .csv format, which are sortable, including by location and duty status.

Swift believes AI may potentially have utility in synthesizing the data in the Load Data (which includes the HVL information) and the Driver Logs to identify which Drivers carried HVLs during relevant time periods. However, Swift does not believe it is critical given the ability of

**SheppardMullin**

September 16, 2025
Page 3

Counsel to Plaintiffs to identify Drivers who qualified for membership in a class based upon similar criteria and data in *Bouissey.*

We thank the Court for its attention to this matter and remain available to participate in a further conference with the Court for purposes of answering any questions or receiving further direction.

        Respectfully submitted,

        /s/ Brian D. Murphy

        Brian D. Murphy
        for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4902-7611-5048.3

cc:    All Counsel of Record