**SCHNEIDER² WALLACE COTTRELL KIM LLP**

October 31, 2025

**VIA ECF**

Hon. Stewart D. Aaron
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Hobbs v. Knight-Swift Transportation Holdings, Inc., et ano.*
              **No. 21-CV-01421**

Dear Judge Aaron:

Along with co-counsel Outten & Golden, LLP, we are class counsel in the above-captioned action. In accordance with the Court's Orders of September 17 and October 16, 2025 (ECF Nos. 177 and 179), we write jointly with Defendants Knight-Swift Transportation Holdings, Inc. and Swift Transportation Co. of Arizona, LLC (together, "Defendants"), to submit a joint letter regarding outstanding issues concerning the class notice and discovery schedule.

By way of background: The Court's Order of September 17, 2025 (ECF No. 177) directed Defendants to produce Driver log data relevant to Class B and Subclass 1 (A&B) by September 30, 2025; produce Load Data relevant to Subclass 2 (A&B) by October 17, 2025; a narrowed list of potential members of Class C by October 17, 2025; and Load Data to identify Subclass 2 of Class C, by October 17, 2025. The Court further directed the parties to file a joint letter by October 31, regarding the status of the class list and any other issues remaining regarding the administration of the class notice.

Defendants made all productions as directed by the Court, except sought a four-week extension of the deadline to produce Load Data for Class C. ECF No. 178. On October 16, 2025, the Court issued an Order setting a telephonic conference for November 7, 2025 and extending Defendant's deadline to produce Load Data for Class C through at least November 7. ECF No. 179. The telephonic conference will address remaining issues regarding class notice and the discovery schedule. Below, the parties address the status of class notice and the discovery schedule.

**Remaining Issues Regarding Class List and Administration of Class Notice**

Defendants have produced names and last known street addresses for all potential members of Classes A, B, and C. However, there are issues regarding the overbreadth of the information provided that need to be resolved before a notice administrator can be selected and the class notice can be distributed.



The class lists produced by Defendants are overinclusive in two respects. For Class B, the contact information includes individuals who never logged time as "sleeper berth" or "off duty" in New York during the class period, though logging at least some such time is a requirement for membership in Class B. For Class C, the contact information includes individuals who never made a pickup or delivery in New York, though making at least one pickup or delivery in New York is a requirement for membership in Class C.

For Class B, Plaintiffs have been able to use Driver log data to narrow the list of unique Driver IDs to just those who logged time as "sleeper berth" or "off duty" in New York during the class period. Plaintiffs are awaiting confirmation from Defendants that the Driver ID data field can be cross referenced with an equivalent data field in the class list to narrow it down appropriately.

For Class C, Plaintiffs believe they can use Load Data for Class C to narrow the class list to just those individuals who made at least one pickup or delivery in New York during the class period. However, Plaintiffs need the Load Data to do so, which has not yet been produced. Counsel to Defendants is in receipt of the Load Data for Class C and anticipates producing it, after review, before the November 7 conference. In addition, the class list Defendants produced for Class C does not contain the Driver ID number field, which is necessary to allow Plaintiffs to narrow the class list by cross-referencing with the Load Data. Thus, Plaintiffs will need an updated class list for Class C, containing the Driver ID field, before the class list can be narrowed. Defendants will produce the updated class list for Class C by November 14.

The Parties believe it is appropriate to attempt to narrow the class list for Class C, so as to conform to the class definition, before sending out the class notice. The class list produced by Defendants for Class C contains over 43,000 individuals. This group may shrink once it is conformed with the class definition, which would reduce the costs of providing notice and prevent confusion that might arise where individuals who are not class members receive notice.

Once the class lists are narrowed to conform to the class definitions, the Parties will solicit bids from notice administrators, select a notice administrator, and file a stipulation regarding the administration of class notice.

**Discovery Status and Schedule**

There are additional outstanding discovery matters to be completed before the fact discovery cutoff on December 19, 2025. These include:

- Manager depositions: Plaintiffs have requested depositions of seven manager witnesses. One such deposition has been taken. The Parties are working to schedule depositions of the remaining witnesses shortly.
- Named Plaintiff depositions: Defendants intend to take the depositions of each of the Named Plaintiffs, each of whom submitted declarations after their prior depositions and in light of the theories upon which Plaintiffs' claims and class certification is now based. Defendants intend to allow Plaintiffs to complete the depositions they have sought first. Plaintiffs dispute that there is a justification for further depositions of the Named Plaintiffs, each of whom has already sat for a full-day deposition. Plaintiffs also disagree that class



- certification is based on any new theories. However, Plaintiffs will meet and confer with Defendants regarding this request.
- <u>Identification of relevant data/databases</u>: Plaintiffs have requested that Defendants supplement their response to Plaintiffs' Interrogatory No. 4 (served June 20, 2025) by identifying all relevant databases; and requested that Defendants "meet and confer" concerning a potential Rule 30(b)(6) witness to testify regarding the relevant data. Defendant's position on this issue is as follows: Defendants submitted objections to this Interrogatory on August 7, 2025 and the Parties have not further discussed, Plaintiffs have not noticed, and Plaintiffs have not sought leave of Court to take a second Rule 30(b)(6) deposition. Defendants intend to meet and confer concerning the relevancy of additional databases and/or the necessity of such information in light of the productions to date. If Plaintiffs wish to explore a second Rule 30(b)(6) deposition without seeking leave of Court, Defendants remain available to meet and confer with Plaintiffs concerning the same. Plaintiffs' position on this issue is as follows: Plaintiffs have requested supplementation of Interrogatory No. 4 and addressed the issue of database and data identification with Defendants in multiple correspondences and during videoconference meet and confers, since Defendants' discovery responses of August 7. The purpose of this discovery is to identify any additional data that may be used to calculate damages and/or prove liability, to the extent Defendants argue that the Driver log or Loads Data is insufficiently precise. Plaintiffs have identified some additional data sources through their own investigation (see below) but do not know if such data are exhaustive. If Defendants do not agree to supplement their interrogatory response or the response is insufficient, Plaintiffs reserve their right to seek the assistance of the Court, including seeking leave to take a Rule 30(b)(6) deposition on the subject.
- <u>Additional class data</u>: The Parties have been meeting and conferring regarding Defendants' response to Request for Production No. 4 (served June 20, 2025), seeking additional class data showing precisely when class members picked up and dropped off loads ("Macro" data), and their precise geographic location during segments of time logged as "off duty" or "sleeper berth" ("Zonar" or "Geotab" data). Defendants submitted objections to this Request on August 7, 2025. Defendants are still looking into these requests and, without yet conceding that the data is relevant or probative, believe the classes must, at a minimum, be narrowed to meet the class definitions before participating in a "meet and confer" concerning this Request, insofar as Defendants' position may be informed based upon the size of the data sets. Plaintiffs disagree that it is necessary to defer meet and confer regarding this request until after final narrowing of the class lists, as the approximate class size is already known. Further, any such deferral risks prejudice to Plaintiffs given the very limited time remaining in the fact discovery period.
- <u>Form employment agreements and/or "time of hire" documents</u>: Plaintiffs have requested that Defendnats supplement their response to Request for Production No. 8 (served June 20, 2025) by producing form documents used at the time of hire that, *inter alia*, set forth the terms of compensation and basis for pay. Defendants submitted objections to this Request on August 7, 2025, but offered to produce "relevant and non-privileged documents, related policies, or general corporate communications, if any." Defendants intend to revisit this Request after production of Load Data for Class C. Plaintiffs disagree that any deferral of this discovery is warranted and are concerned that deferral until after



- production of Load Data will cause downstream delays that may prejudice Plaintiffs, in light of the looming December 19 fact discovery cutoff.
- <u>Paystubs</u>: On September 30, 2025, Plaintiffs requested that Defendants supplement their responses to Plaintiff Shaw's Request for Production No. 2, Set 1, by producing the paystubs of the class member witnesses Defendants submitted in support of their motion to deny class certification. The parties are meeting and conferring regarding this request.

At the telephonic conference, the Parties will be prepared to discuss a reasonable timeline and interim deadlines for the completion of the remainder of discovery.

Respectfully submitted,

<u>/s/ Nathan B. Piller</u>

Nathan B. Piller
for SCHNEIDER WALLACE
COTTRELL KIM LLP

cc:   All Counsel of Record