

November 17, 2025

**VIA ECF**

Hon. Stewart D. Aaron
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Hobbs v. Knight-Swift Transportation Holdings, Inc., et ano.*
              No. 21-CV-01421

Dear Judge Aaron:

Along with co-counsel Outten & Golden, LLP, we are class counsel in the above-captioned action. In accordance with the Court's Order of November 7, 2025 (ECF No. 181), we write jointly with Defendants Knight-Swift Transportation Holdings, Inc. and Swift Transportation Co. of Arizona, LLC (together, "Defendants"), to submit a joint letter setting forth: (1) the parties' respective positions with respect to any remaining discovery disputes regarding the issues set forth in their October 31, 2025 letter (see Joint Letter, ECF No. 180) and (2) the parties' respective positions regarding the scheduling of a settlement conference. The Court's Order further directed that if one or both parties seek an extension of the fact discovery deadline of December 19, 2025, they also shall set forth their respective positions as to any extension and a proposed deadline for, at most, a modest extension.

The Parties address these matters below, in turn.

**Remaining Discovery Matters**

Below, the Parties provide their positions on the remaining discovery matters in dispute.

Additional class data: The Parties have been meeting and conferring regarding Defendants' response to Request for Production No. 4 (served June 20, 2025), seeking additional class data showing precisely when class members picked up and dropped off loads ("Macro" and other data), and their precise geographic location during segments of time logged as "off duty" or "sleeper berth" (GPS, "Zonar" or "Geotab" data).

      *Plaintiffs' Position*: Plaintiffs seek the class data described above because Defendants have indicated that they plan to argue that this case should be decertified because of purported imprecision in the Driver log and Loads data. Specifically, Defendants have indicated that they may argue that Plaintiffs will not be able to pinpoint when class members were subject to certain allegedly restrictive policies (such as the "High Value Load" policy) because the Driver Log and Loads data do not show the precise time of day when class members picked up and dropped off

Case 1:21-cv-01421-JLR-SDA   Document 183   Filed 11/18/25   Page 2 of 3



loads, or the GPS-precise location of the class members. While Plaintiffs do not believe this creates an evidentiary gap, Defendants nevertheless may argue that segments of time subject to the "High Value Load" restrictions at issue cannot be identified with the data produced to date because those restrictions are operative only when a driver is with a "High Value Load" and not at a "Swift secured drop yard or terminal location." Plaintiffs' understanding is that the additional data requested show the precise times of day when drivers received and dropped off loads, which can be cross-referenced with The Driver log data to pinpoint when Drivers were with "High Value Loads." Similarly, Plaintiffs' understanding is that the additional data show the GPS location of vehicles at each 10-minute interval, allowing for systematic determination of when a driver is not at a company-designed "Swift secured drop yard or terminal location." These data also can be cross-referenced with the Driver Log data.

Plaintiffs' position is that Defendants should either be compelled to produce any class data (including Macro, GPS, Zonar, and/or Geotab data) that allows the parties to precisely pinpoint the location of class members and whether or not they were with a load; or agree not to raise arguments based on the purported imprecision of the Driver log or Loads data.

*Defendants' Position*: Defendants have taken no final position on the arguments they will advance in support of decertification and/or on any motion for summary judgment. Defendants object to the production of this data on the grounds that it is unduly burdensome, and Plaintiffs have made no showing that the data resolves the matter for which they seek its production.

<u>Named Plaintiff depositions</u>: Defendants seek further depositions of the Named Plaintiffs.

*Defendants' Position*: Each of the Named Plaintiffs appeared for deposition prior to Plaintiffs' first motion for class certification. Each of Plaintiffs' class certification motions did not rely on any Plaintiffs' deposition testimony, but instead on lengthy declarations. Defendants seek leave to take a deposition of up to 5 hours of each of three Named Plaintiffs via zoom. The purpose of the depositions will be to cross-examine each Named Plaintiff on the information set forth in their sworn declarations, to examine each Named Plaintiffs on matters related to their sufficiency to serve as adequate class representatives of the classes that have been certified, which were defined for the first time after the prior depositions in connection with Plaintiffs' second motion for class certification, and to explore Plaintiffs' shifting legal theories that were not apparent on the face of the Second Amended Complaint.

*Plaintiffs' Position*: Each of the three Named Plaintiffs already appeared for a full-day deposition, during which time Defendants had a full and fair opportunity to question them on the relevant subject matter. The declarations Plaintiffs submitted in support of class certification contain no information that contradicts their deposition testimony, and are consistent with the legal theories Plaintiffs have advanced from the outset of this case. Defendants provide no justification for additional testimony concerning adequacy, which Defendants already explored in the prior depositions. Further, the Court already determined that Plaintiffs satisfy the adequacy requirement in its order certifying the classes. While Plaintiffs object to any further depositions of the Named Plaintiffs, Plaintiffs further note that 5 hours would be highly excessive even in the event that further depositions were permitted.

**Discovery Schedule**

The Parties are continuing to meet and confer regarding the above disputes, and intend to seek the assistance of the Court in resolving the above two disputes, if necessary. While the Parties are hopeful that the disputes described above can be resolved in the discovery period, they recognize that a modest extension will likely be necessary to ensure that these issues can be resolved and any data production and/or Named Plaintiff depositions the Court may order can be completed before the fact discovery cutoff.

Accordingly, the Parties propose a modest, one-month extension of the fact discovery cutoff to January 19, 2026, *just for the limited purpose* of resolving the Parties' disputes summarized above regarding the additional class data and named plaintiff depositions, and completing any data production and/or Named Plaintiff depositions that the Court may order. The proposed extension would not apply to other discovery.

**Settlement Conference**

The Parties have reengaged in discussions to explore the possibility of resolving his matter, but those discussions have not progressed to the point of an agreement regarding the appropriateness of private mediation or a settlement conference with the Court.

Plaintiffs' position is that the scheduling of a settlement conference would be helpful and are agreeable to participating in such a conference if scheduled by the Court.

Defendants' position is that the Parties have only recently re-engaged on discussions concerning potential resolution of this matter. Defendants believe further discussions among the Parties are necessary to determine whether a settlement conference will be productive.

                                                Respectfully submitted,

                                                */s/ Nathan B. Piller*
                                                Nathan B. Piller
                                                for SCHNEIDER WALLACE
                                                COTTRELL KIM LLP

cc:       All Counsel of Record

ENDORSEMENT: The parties' request for a limited extension of the discovery schedule is GRANTED. The deadline for the completion of fact discovery is extended until January 19, 2026 for the limited purposes set forth herein. No later than December 2, 2025, the parties shall email to Chambers (Aaron_NYSDChambers@nysd.uscourts.gov) at least four mutually agreeable dates after the close of fact discovery when all parties and counsel are available for a settlement conference. The email should indicate whether the parties are available for the selected dates in the morning, afternoon, or both, and indicate their preference for an in-person conference or a remote conference using Microsoft Teams. SO ORDERED.
Dated: November 18, 2025