UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tavares Hobbs, Ricardo Bell and Robert Shaw, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>-against-<br>Knight-Swift Transportation Holdings, Inc. et al.,<br>Defendants. | Case No. 1:21-cv-01421 (JLR)<br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JENNIFER L. ROCHON, United States District Judge:

Magistrate Judge Stewart D. Aaron was referred in this matter for General Pretrial and Dispositive Motions. *See* Dkt. 189. Before the Court is Plaintiffs' unopposed motion for preliminary approval of settlement (the "Motion"), Dkt. 205 ("Mot."). In Magistrate Judge Aaron's October 24, 2026 Report and Recommendation, he recommended that the Motion be granted in part and denied in part. *See* Dkt. 216 ("R&R") at 21-22.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however "a district court need only satisfy itself that there is no clear error on the face of the record." *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). This clearly erroneous standard also applies when a party makes only

conclusory or general objections. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned them that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 22. In addition, the Report and Recommendation expressly called Plaintiffs' attention to Rules 6 and 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the Motion and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Plaintiffs' Motion asks the Court to grant preliminary approval of the proposed class settlement. *See* Mot.; Dkt. 206 at 7. The proposed settlement, Dkt. 207-1 (the "Settlement Agreement"), limits the settlement to the Named Plaintiffs and individuals who are members of Class A and Class B, as well as their respective subclasses, but contemplates dismissal without prejudice of Class C and its subclass.[1] *See* Settlement Agreement at 4 (§ 1.5), 12 (§ 2.10(A)). Defendants have agreed to pay $2,100,000.00, inclusive of: all payments to the class members, attorney's fees (up to 35%) and expenses (up to $100,000.00), service wards for three named Plaintiffs ($10,000.00 each), and administration costs and expenses (not to exceed $29,990.00). *Id.* at 23. In the Report and Recommendation,

---

[1] The Court refers to the class definitions as provided in the Report and Recommendation. *See* R&R at 2-3.

Magistrate Judge Aaron found that several factors favored preliminary approval, including the adequacy of Plaintiffs' representation, Plaintiffs' anticipated risks of continuing to trial, the method of relief distribution, and the state of the proceeding and amount of discovery completed. *See* R&R at 10-11, 16. He also found that other factors did not preclude preliminary approval. *See id.* at 12-13 (attorney's fees); *id.* at 16 (proposed service awards); *id.* at 17 (Defendants' ability to withstand a larger judgment). The Court finds that these conclusions are well-reasoned, grounded in facts and law, and free from clear error.

Magistrate Judge Aaron expressed concern regarding the parties' proposal to dismiss Class C and its subclass without prejudice, and without notice, as part of the Settlement Agreement. Specifically, he noted that "the Settlement Agreement contains an additional agreement for the parties to seek to dismiss the claims of Class C and its subclass without prejudice" and "in settling claims on behalf of only some class members, the class representatives and Class Counsel have favored certain members of the class." *Id.* at 13. Because Class C "is by far the largest class," Magistrate Judge Aaron noted that "there is at least an appearance that the larger class may have provided some leverage in settlement negotiations." *Id.* at 14. Given this concern, and the possibility of prejudice to Class C — in the form of the running of the statute of limitations — Magistrate Judge Aaron recommended that notice of the Settlement Agreement be provided to all class members, including Class C and its subclass. *Id.* at 15, 18-21.

The Report and Recommendation conducts a comprehensive analysis and includes several cases directing notice be provided for class members prior to dismissal of their claims. *See id.* at 18-21. The Court finds that this recommendation is also well-reasoned, grounded in facts and law, and free from clear error. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion and **ORDERS** Plaintiffs to submit a revised proposed class notice and proposed Order that includes Class C, as set forth in the Report and Recommendation. *Id.* at 21.

The Clerk of Court is respectfully directed to terminate the Motion at Dkt. 205.

Dated: November 24, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge